IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAREN CHITWOOD BERRY                                                      PLAINTIFF

V.                                  CASE NO. 2:21-CV-2087

SHELTER MUTUAL INSURANCE COMPANY                           DEFENDANT

## OPINION AND ORDER

Defendant Shelter Mutual Insurance Company ("Shelter") removed the instant matter to this Court from the Circuit Court of Crawford County, Arkansas, on April 30, 2021. (Doc. 2). The notice of removal states that the basis for federal jurisdiction is complete diversity of citizenship, plus an amount in controversy exceeding $75,000.00, as per 28 U.S.C. § 1332(a)(1). *Id.* According to the complaint filed in state court, this case involves a single cause of action for breach of contract. (Doc. 4). Plaintiff Karen Chitwood Berry estimates that her claim for compensatory damages totals $40,000.00. *Id.* at p. 2. If she prevails in the lawsuit, she will also be entitled to a 12% penalty and a reasonable attorney's fee, as provided in Arkansas Code § 23-79-208(a)(1).

After the case was removed, Ms. Berry filed a Motion to Remand (Doc. 7) arguing that since the full amount of compensatory damages she demands plus the 12% penalty will total less than $45,000.00, the only way to meet the minimum amount in controversy is to assume an attorney's fee award of at least $30,000.00.[1] Her counsel charges

---

[1] Counsel's threshold argument is that attorney's fees should not be included in the amount in controversy for jurisdictional purposes, *see id.* at p. 2, but that is plainly incorrect. *See Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction.").

1

$200.00 per hour, *see id.* at p. 3, so to charge a $30,000.00 fee, he would need to bill at least 150 hours to this case. Ms. Berry's counsel believes such a fee award is unimaginable, given the fact that he believes the case turns on a straightforward legal matter of contract interpretation that the Court will be asked to decide on summary judgment. *See id.* at p. 3. In his view:

> Absent tactics by Defendant that protract this resolution, and involve extraordinary amounts of time to meet, one may safely say that it would be *scandalous* for Plaintiff's counsel to charge $30,000.00 to collect a $45,000.00 award. No court would ever assess that as a *reasonable* fee, *unless* the Defendant created unnecessary litigation.

*Id.* (emphasis in original).

Shelter responds that the case is not as simple and straightforward as Ms. Berry's counsel suggests, and it is legally possible that if she prevails, her counsel will be entitled to a reasonable fee of more than $30,000.00. Shelter suggests that there are a number of factual disputes at issue in this case that will require witness testimony. According to the complaint, Ms. Berry owned and insured a home in Van Buren, Arkansas, that caught fire and became uninhabitable. At the time of the fire, her son was living in the home, and Ms. Berry was not. Still, Ms. Berry's furniture, clothing, and effects were in the home at the time of the fire, and she claims that those items and the real property were damaged in the total amount of $40,000.00. She contends that that under the policy of insurance she purchased through Shelter, coverage for fire damage should not have been denied.

Shelter maintains that witnesses must be deposed to determine who resided in the property at the time of the fire (and for thirty days beforehand), whether Ms. Berry notified Shelter before the fire that she was no longer living there, and whether Ms. Berry's son paid rent to her. (Doc. 12, p. 5). To the extent this information is actually in contention—

2

which the Court suspects it is not, based on the facts in the complaint—the answers to these questions will be found through basic written discovery. Although Shelter suggests it may be necessary to take the depositions of a few witnesses, including Shelter's fire investigator, this will not prove a time-consuming task, since Ms. Berry is correct that the question of liability is, indeed, a matter of contract interpretation for the Court. In no event will discovery and dispositive motion practice in this case require more than fifty hours of Ms. Berry's counsel's time. Moreover, it is highly unlikely that the matter will go to trial at all, but if it does, Shelter agrees trial will last a day at most.

As Shelter is aware, to defeat a motion to remand, the defendant has the burden of showing by a preponderance of the evidence that the amount in controversy exceeds the federal court's minimum threshold for jurisdiction. *In re Minn. Mut. Life Ins. Co. Sales Prac. Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). To meet this standard, a defendant "need not prove that the damages 'are greater than the requisite amount,' only that a fact-finder 'might legally conclude that they are.'" *Hurst v. Nissan N.A., Inc.*, 511 F. App's 584, 585 (8th Cir. 2013) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)). Once the preponderance standard is met, the plaintiff may only avoid litigating in federal court by showing "that it is legally impossible to recover in excess of the jurisdictional minimum." *Bell*, 557 F.3d at 959.

Though the "legal impossibility" bar is a difficult standard for any plaintiff to meet, Ms. Berry has met it here. The Court believes it is legally impossible, given the cause of action at issue and the admissions Ms. Berry made in her complaint, that her counsel will reasonably devote more than 75 hours of time to this case—let alone the 150 hours that would be needed to meet the jurisdictional minimum amount in controversy.

**IT IS THEREFORE ORDERED** that the Motion to Remand (Doc. 7) is **GRANTED**, and the Clerk of Court is directed to immediately remand this case to the Circuit Court of Crawford County, Arkansas.

**IT IS SO ORDERED** on this 28th day of June, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE